LENA D. HUFFMAN et al., Appellants, v. MARTHA BEAMER et al.,
Appellees.

BANKS AND BANKING: Presumption of Delivery of Certificate of
1  Deposit.  Delivery of certificates of deposit to a wife may be in-
    ferred from the fact that the husband, in connection with a general
    purpose to make disposition of his property prior to his death,
    caused the certificates to be made payable to himself or to his
    wife, and that the wife was, after the death of the husband, in un-
    questioned possession of the certificates.   (See Sec. 1889-b, Code
    Supp., 1913.)

DEEDS:  Fraud Unquestioned by Grantor.  A conveyance which is un-
2  questioned by a mentally competent grantor may not, during the
    lifetime of the grantor, be questioned by a prospective heir of the
    grantor.

*Appeal from Taylor District Court.—P. C. WINTER, Judge.*

OCTOBER 26, 1920.

REHEARING DENIED JUNE 25, 1921.

ACTION in equity for an accounting.   Decree dismissing
plaintiff's petition and petition in intervention.   Plaintiff ap-
peals.—*Affirmed.*

*McCoun & Brant* and *William M. Jackson,* for appellants.

*Spence & Beard* and *Flick & Flick,* for appellees.

STEVENS, J.—The essential facts of this case are as follows:
Zadock Beamer and Martha Beamer, his wife, several months be-
fore his death, which occurred on May 30, 1915, deeded 240
acres of his 400-acre farm to his daughter, the plaintiff Lena
D. Huffman, and 160 acres to the defendant E. D. Beamer, who
is the son of Martha Beamer, but not of the deceased.   At the
same time, Mr. Beamer conveyed a residence and acreage prop-
erty and two brick buildings in Clearfield to his wife.   Before
executing these instruments, he summoned plaintiff and defend-

ant E. D. Beamer to his home, and informed them that he intended to make these conveyances; and, a couple of days later, deeds were executed and handed to the grantees for inspection, after which they were returned to the grantor, and filed for record in the proper county. In addition to the real property owned by him, deceased was possessed of money and personal property of the approximate aggregate value of $8,000. At the time of his death, certificates of deposit in different banks were held, as follows: One for $2,683.87, issued by the Iowa State Bank of Mount Ayr, bearing date October 22, 1915; one for $4,045.25, bearing date October 22, 1915, issued by the Mount Ayr State Bank; and one for $1,800, bearing date July 26, 1915, issued by the First National Bank of Clearfield.

On June 5, 1916, the defendants went to plaintiff's residence, and requested her to go to Clearfield with them and have an assignment of the certificates and money above referred to, to Martha Beamer. In compliance therewith, plaintiff accompanied defendants to Clearfield, where the following instrument was prepared, signed, and acknowledged by her and by the defendant, E. D. Beamer, in the presence of and before W. M. Long, notary public:

"For value received, we hereby assign and set over unto Martha F. Beamer all our right, title, and interest to any and all moneys belonging to the estate of our father, Zadock Beamer, which we may have acquired as heirs at law or devisee or legatee of our said father. Done this 5th day of June, 1916."

It is also claimed by defendants that plaintiff, at the same time, indorsed each of the certificates of deposit to her mother, by writing her name on the back thereof. She testified, however, that she had no recollection of having indorsed the certificates. On November 27, 1916, plaintiff and her husband borrowed $3,000 of Martha Beamer, giving therefor their note, due in one year.

At the time of the marriage of Martha and Zadock Beamer, E. D. Beamer was about four years of age. He was never adopted by Zadock Beamer, but lived in the family until his marriage, which occurred about the time he became 21 years of age, and appears to have been treated by deceased the same as though he were, in fact, his son. Defendant does not appear

to have known that Zadock Beamer was not his father, until about the time of, or shortly after, the latter's death, nor did plaintiff know that he was not her full brother until the day the deeds were executed. The 240-acre tract conveyed to plaintiff was apparently worth about $10,000 more than the 160-acre tract conveyed to E. D. Beamer. Martha Beamer, some time before the commencement of this suit, conveyed the store buildings, the value of which she estimated at $7,000, to her codefendant, and also gave him the $3,000 note signed by plaintiff and her husband. She gives as her reason for these transactions that she desired to equalize the shares of plaintiff and Ed Beamer. After the commencement of this suit, she conveyed what remained of her real property to E. D. Beamer, reserving, however, the right to the possession and use thereof during her life.

Plaintiff, in her petition, alleges that she was induced to execute the written assignment referred to above, by the false pretenses and representations of the defendant E. D. Beamer that this was necessary, to enable her mother to collect the certificates, and to avoid the appointment of an administrator; that the real property conveyed to Martha Beamer was intended for her use only during her life; that such was the express understanding of all of the parties; that Martha Beamer, disregarding her duty, appropriated the property to her own use, and conveyed or gave it to her codefendant. Plaintiff further alleges that she is the absolute owner of two thirds of all the personal property of which Zadock Beamer died seized; and asks judgment for the amount thereof, and that the real estate conveyed by Martha Beamer be impressed with a lien for the amount of plaintiff's claim. All of the allegations of plaintiff's petition not specifically admitted are denied by defendants. The value of the personal property and real estate conveyed to Martha Beamer was, at the time, about $20,000.

Plaintiff claims, in argument, that neither the money nor the certificates of deposit above referred to were ever delivered to Martha Beamer, and that the attempted gift to her by her

1. BANKS AND BANKING: presumption of delivery of certificate of deposit. husband failed. The evidence leaves little doubt as to the purpose and intention of Zadock Beamer. The deeds to the wife convey an absolute title. No competent evidence tending to show that the con-

veyance was intended to be of a life estate only was offered; but, on the contrary, substantially all of the competent testimony shows that deceased intended Martha Beamer to have all of his estate absolutely, except the 400-acre farm. The scrivener who prepared the deeds testified:

"About his personal property, he made this remark: Mrs. Beamer had lived with him for over 40 years, and he was going to live with her the rest of his life, and he was going to give her plenty, after he had made a disposition of his property. I didn't know of anything he was giving her except real estate. He said, 'Wilbur, I expect you wonder why I am giving it to my wife, and she can do with it as she pleases. I am giving my wife plenty of property, and she can even this up in her own way.' He said she could give it away in her own way. He said he was giving her as much as $20,000."

Plaintiff testified that deceased told her that the property he was leaving to her mother was worth about $20,000. L. A. Tope, administrator of the estate and intervener herein, referring to a conversation had with deceased, after the deeds were executed, testified as follows:

"Shortly after Mr. Beamer came back from Baltimore, I met him on the street. I asked him how he was getting along. He says: 'Not very good; I am going to have to take some other treatment.' He said: 'I think I will go to Savannah, Mo. I can't do any good back east.' He mentioned the 160 acres he was going to give to Dorrie, and he was going to give his daughter 240 acres, and the town property and other properties, including notes and moneys he was going to turn over to his wife. Q. What, if anything, did he say about what would become of what he left to his wife? A. He said, 'I think that should keep her in pretty good shape,' only he says: 'I think she will divide it up equally; I think that is what she will do. At any rate, that is my wish, and I think she will do as I want her.' "

From the testimony of these witnesses, it is manifest that Mr. Beamer expected his wife to divide the property between her children as she thought best; and if she desired to do it so as to equalize their respective shares, she would have the right to do so, or to divide it equally, if that was her desire.

In view of the conclusion reached herein, the claim of plain-

tiff that she was induced by the fraud of the defendant E. D. Beamer to execute the written assignment above referred to, has little bearing upon the case. No one claims that she intended thereby to make a gift to her mother of such interest as she might have therein. It may be conceded that such was not her purpose. Her claim that she did not indorse her name upon the back of the certificates of deposit is contrary to the evidence. The original signatures are before us, and we have compared them with other signatures, the genuineness of which is admitted. There can be no doubt that they were written by the same person.

But it is further contended by appellant that the claim of Martha Beamer to the certificates of deposit rests upon an unexecuted gift. There is no direct evidence of an actual delivery of the certificates by Zadock Beamer to Martha Beamer. It appears, however, that she was in possession thereof, on the 5th of June following her husband's death. The record is silent as to when, or from whom, she received them. No one, at the time the assignment was executed, claimed that she was not rightfully in possession thereof; and plaintiff, on November 7, 1916, borrowed $3,000 of the proceeds thereof, giving a note, as previously stated. While the certificate issued by the Iowa State Bank of Mt. Ayr and the certificate issued by the First National Bank of Clearfield certify that the deposit was made by Zed or Zadock Beamer, the former is made payable "to himself or Martha F. Beamer," and the latter to "himself or wife." The remaining certificate, issued by the Mt. Ayr State Bank, acknowledges a deposit by "Zed Beamer or Mrs. Martha F. Beamer," and it is made payable to "himself or herself." The evidence does not specifically show to whom these certificates were delivered. It may well be assumed that they were made payable to either deceased or Martha Beamer, for the purpose of carrying out the declared intention of the former to transfer all of his personal property to his wife absolutely.

It may be conceded that mere possession of the certificates at the time in question does not alone show delivery; but, when it is considered in connection with the understanding and conduct of all of the parties, with the expressed desire of Mr. Beamer, and with the other circumstances mentioned and shown

in evidence, sufficient is shown to justify an inference of delivery. It must also be borne in mind that Zadock Beamer, who was at the time afflicted with a fatal malady, was anxious to fully settle his estate, in advance of his death, and to avoid the appointment of an administrator. Manifestly, Martha Beamer was not intended to be regarded by her husband as the recipient of a gift. She was entitled to one third of all of his property, real and personal, of which he died seized. By joining in the deeds conveying the 400-acre farm to her children, she waived her right to a large portion thereof. Doubtless, their wishes and desires were the same; and the right of Martha Beamer to retain the property in controversy will not be denied, upon the ground that actual delivery is not proven by direct evidence.

It may or may not be true that the defendant E. D. Beamer has obtained possession and control of a large part of his mother's property by the exercise of an improper influence over her; but she is not seeking to set aside any of the conveyances made by her, and plaintiff has no such interest in the subject-matter as to entitle her to maintain any action for that purpose. The mother, in her testimony, said that what she did was wholly voluntary upon her part, and to equalize the shares of her son and daughter, for whom she, at the time, entertained like affection, and not to discriminate against this plaintiff. It follows that the judgment and decree of the court below must be, and are— *Affirmed.*

2. DEEDS: fraud unquestioned by grantor.

WEAVER, C. J., LADD and ARTHUR, JJ., concur.